Matthias, J.,
 

 dissenting. The valuation of any real estate for tax purposes must necessarily bear some relation to valuations placed on similar properties in the same locality. The record in this case does not disclose that the valuation of this property is in excess of the valuations for taxation placed on similar parcels in the same locality, and, therefore, no discrimination between-taxpayers is shown.
 

 The appellant contends that the reproduction cost of that portion of the theater building which consists of unusued and unnecessary space should be deducted from the appraised value of the building. By agreement this space consists of 566,000 cubic feet, having a reproduction cost of $158,480. In effect the contention of the appellant is that by reason of the obsolescence of such building it is entitled to tax exemption to the full extent of such obsolescence,, and that the valuation of the building should be reduced by the full
 
 *274
 
 amount of the reproduction cost of such obsolete or unused portions.
 

 The application of this rule would result in the creation of a class of exemptions which is not authorized by either the Constitution or statute. Obsolescence, or so-called “functional depreciation,” is merely one of the factors to be considered in arriving at the “true value in money” of such property and is not a ground for total tax exemption.
 

 The basis of the valuation found -by the Board of Tax Appeals is stated in its journal entry as follows:
 

 “The board is of the opinion, after consulting many authorities, that a hard-and-fast rule or an arbitrary or fixed percentage of depreciation is not the proper method of fixing depreciation on any building to determine its true value in money for taxation; that the only way to determine the amount of the physical or economic depreciation of a building is by an actual inspection and examination of the building and records of the company by a competent and qualified appraiser.
 

 “The board therefore finds that the replacement cost of this building of 1,831,000 cubic feet at 40c per cubic foot is $732,400, and taking into consideration the age of the building, its physical condition, availability for the purposes for which it is used, income factor and all of the factors appearing in the records tending to prove its value, that a reduction of 2% per year or a total of 36% for total accrued depreciation from all causes' is a fair and reasonable amount to be allowed for depreciation on said building,- and thus the board finds that the true value in money of this building, after giving it a depreciation of 36%, is $468,736.” . .
 

 The net effect of the decision of the Board of Tax Appé'als is a further reduction of $43,664 in the tax valuation of the building by raising the rate of depreciation allowed from 1 2/3.per cent to 2 per cent, said
 
 *275
 
 rate to include the “total * * * depreciation from
 
 all
 
 causes. ’ ’
 

 The record clearly discloses that the Board of Tax Appeals considered the obsolescence of appellant’s theater building as one of the factors involved in the determination of its “true value in money.”
 

 ■ There is conflicting evidence in the record as to the rate of depreciation and the extent of obsolescence, but the Board of Tax Appeals, having given due consideration to all the evidence adduced affecting the valuation of appellant’s property, and, based upon the evidence before it, having made a substantial reduction in the valuation theretofore fixed by the board of revision, this court should not substitute its judgment for that of the Board of Tax Appeals, where, as here, the record discloses ample evidence to support its finding and decision.
 

 It is clear that the addition of $10,880 in the valuation for so-called “corner influence” was wrong for the reason th^t the frontage of the property in question is on alleys, the access to the property from Broad street being only by way of an easement. To that extent the decision of the Board of Tax Appeals should be modified and as so modified,
 
 affirmed.